UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHAEL MARNELL,

                Plaintiff,

  -against-                             1:08-CV-0303 (LEK/DRH)

KINGSTON PUBLIC ACCESS
CABLE COMMISSION,

                Defendant.

_____

## DECISION AND ORDER

Plaintiff brought this action against Defendant seeking a judgment declaring Defendant's "two underwriter rule" unconstitutional and injunctive relief in the form of requiring Defendant to restore Plaintiff to his time slot pursuant to 42 U.S.C. § 1983. See Complaint (Dkt. No. 1).

Defendant has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure.[1] See Dkt. No. 5. On March 3, 2009, Plaintiff filed a Motion for default judgment against Defendant. Motion (Dkt. No. 8). Defendant has failed to oppose Plaintiff's Motion.

The Federal Rules of Civil Procedure provide a two-step process for obtaining a default judgment: (1) the plaintiff must seek to have the clerk of the court enter a default against a party that has not appeared or defended; and (2) the plaintiff must apply for judgment of default from either the clerk or the court, depending on what damages the plaintiff seeks. See FED. R. CIV. P. 55(a), (b). On May 26, 2008, Plaintiff filed a request for entry of default with the Clerk of this Court. Dkt. No.

---

[1] Although Defendant was properly served on April 2, 2008, Defendant sent a letter to the Court on April 16, 2008 indicating that the City of Kingston refused to accept service of the summons and complaint. See Dkt. Nos. 4-5.

1

6. The Clerk entered default against Defendant pursuant to the Federal Rule of Civil Procedure 55(a) on June 17, 2008.  Dkt. No. 7.

When a default is entered, the defendant's failure to respond constitutes an admission of the well-pleaded factual allegations in the complaint, except as to claims relating to the amount of damages.  See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.3d 155, 158 (2d Cir. 1992); United States v. Various Articles of Obscene Merchandise, Schedule No. 1769, 600 F.2d 394, 398 (2d Cir. 1979) ("The district court has the power to enter a default judgment ... but given the important First Amendment interests at stake, courts should use more discretion when granting a default judgment."); Au Bon Pain Corp. v. Artect Inc., 653 F.2d 61, 65 (2d Cir. 1981); Quality Carriers, Inc. v. Randolph, 06-CV-1170, 2007 U.S. Dist. LEXIS 49479, at *2 (N.D.N.Y. July 9, 2007).  Given the Defendant's obvious lack of interest in this proceeding, judgment by default pursuant to Federal Rule of Civil Procedure 55 (b) is appropriate, and Plaintiff's undisputed facts and allegations are, therefore, admitted.

It is well settled that equitable relief is an available remedy for First Amendment violations. 42 U.S.C. § 1983; see also Bad Frog Brewery v. New York State Liquor Auth., 134 F.3d 87, 102 (2d Cir. 1998) (plaintiff entitled to equitable relief for a First Amendment violation); Million Youth March, Inc. v. Safir, 155 F.3d 124, 125 (2d Cir. 1998) (granted injunctive relief for First Amendment violation); New York Magazine, Inc. v. Metropolitan Trans. Authority, 136 F.3d 123, 132 (2d Cir. 1998) (affirming district court's award of preliminary injunctive relief for First Amendment violation).  To obtain a permanent injunction, the plaintiff must succeed on the merits and "show the absence of an adequate remedy at law and irreparable harm if the relief is not granted."  Roach v. Morse, 440 F.3d 53, 56 (2d Cir. 2006) (quoting N.Y. State Nat. Org. for Women

v. Terry, 886 F.2d 1339, 1362 (2d Cir. 1989)). Plaintiff has succeeded on the merits in this action. Further, the evidence before the Court reveals that monetary damages are not available and, therefore, Plaintiff will suffer irreparable harm absent injunctive relief. See 47 U.S.C. § 555(a) (The Cable Act limits relief in a suit "against a franchising authority or other governmental entity, or any official, member, employee or agent of such authority or entity, arising from the regulation of cable service…" to declaratory or injunctive relief). This Court, however, denies the declaratory relief sought. See Indyk v. Habibi Bank Ltd., 694 F.2d 54, 57 (2d Cir. 1982) ( "The granting of equitable relief lies within the sound discretion of the trial court, so long as that discretion is exercised in accordance with the applicable established precedents.").

Accordingly, it is hereby

**ORDERED**, that Plaintiff's Motion for default judgment (Dkt. No. 8) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's request for a permanent injunction is **GRANTED** and Defendant must restore Plaintiff to his time slot; and it is further

**ORDERED**, that Plaintiff's request for declaratory judgement is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

**IT IS SO ORDERED**

DATED:      June 25, 2009
            Albany, New York

Lawrence E. Kahn
U.S. District Judge

3